## IN RE HARNEY.

### (No. 2,012.)

(Submitted January 11, 1904.   Decided January 23, 1904.)

*Certiorari—Stay of Proceedings—Service of Writ—Alteration of Record—Contempt.*

1. Under Code of Civil Procedure, Sections 1944, 1945, a judge of a district court is not guilty of contempt in altering an order after he has been served with a writ of review from the supreme court directing that "all proceedings under said order be stayed," the stay being by its terms limited to the enforcement of the order.

2. It is the duty of a court, upon whom a writ of *certiorari* has been duly served, to certify up the record without alteration as it is at the time that the writ was served, otherwise, without reference to any express stay, there may be contempt in not obeying the writ.

PROCEEDINGS in the matter of the alleged contempt of E. W. Harney.   Dismissed.

*Mr. James Donovan,* and *Mr. F. W. Mettler,* for Petitioner.

*Messrs. McBride & McBride,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On November 21, 1903, an action was pending in Department No. 1 of the district court of Silver Bow county, presided over by E. W. Harney, judge, wherein E. B. Mendenhall was plaintiff and T. M. Hodgens *et al.* were defendants, in which action the defendant Hodgens had theretofore appeared and filed an application for an order requiring the plaintiff, Mendenhall, and his attorneys to permit him (Hodgens) to inspect and make copies of certain papers alleged to be at that time in the possession of plaintiff's attorneys.   Such application was heard by the court, which thereupon made the following order: "This day this cause coming regularly on to be heard upon defendant's application for order of inspection of writings and

plaintiff's objection thereto; plaintiff being represented by Messrs. Donovan and Mettler, and defendant being represented by Messrs. McBride & McBride. After hearing argument of counsel, the motion is by the court sustained and objection overruled, to which ruling, the plaintiff by counsel duly excepts, and orders that plaintiff have until November 28, 1903, between the hours of 10 and 12 a. m. to submit writings herein is by the court made and entered herein."

On November 27, 1903, plaintiff applied to this court for a writ of review to annul the order so made, and this court on November 28, 1903, ordered the writ to issue, and directed that "all proceedings under said order of inspection and copy be stayed until the further order of this court."

On December 9, 1903, the writ of review was duly served, and on the 12th day of December, 1903, the district court caused to be certified to this court what purported to be the record in the case of *Mendenhall* v. *Hodgens*. On January 4, 1904, the attorneys for plaintiff, Mendenhall, called the attention of this court, by an affidavit, to the fact that after service of the writ of review upon the lower court, and before the record had been certified to this court, the trial court had made a material alteration in the record in the cause by changing the order of inspection made on November 21, 1903, in a material respect. This court thereupon issued an order to show cause why the judge of said court should not be punished for contempt. The return of the judge to this last order sets forth a copy of the order of November 21st, as shown above, and proceeds: That on December 11, 1903, upon motion of counsel for defendant Hodgens, the lower court amended said order to show that, upon the hearing for the order for inspection, counsel for the applicant for that order introduced in evidence, in addition to the moving papers, the original and amended complaints in the case of *Mendenhall* v. *Hodgens et al.* The return attempts to justify this change in the order by asserting that it was done in order to make the record speak the truth. Upon the affidavit and this return the matter was heard by this court, it being conceded that no issue of fact was presented.

Sections 1944 and 1945 of the Code of Civil Procedure read as follows:

"Sec. 1944. The writ of review must command the party to whom it is directed to certify fully to the court issuing the writ, at a specified time and place, a transcript of the record and proceedings (describing or referring to them with convenient certainty), that the same may be reviewed by the court, and requiring the party in the meantime to desist from further proceedings in the matter to be reviewed.

"Sec. 1945. If a stay of proceedings be not intended, the words requiring the stay must be omitted from the writ; these words may be inserted or omitted, in the sound discretion of the court or judge, but, if omitted, the power of the inferior court or officer is not suspended or the proceedings stayed."

Whatever may have been the rule, prior to the adoption of the Code of 1895, as to the effect of the service of the writ of *certiorari* to stay proceedings, the Code itself now furnishes the only rule for our guidance. Under the provisions of Section 1945, above, the court issuing the writ of *certiorari* may include in the writ, or omit therefrom, a provision requiring a stay of proceedings, and, if omitted, there is no stay, and, if included, the extent of the stay is to be determined from the words used. In this instance this court specifically limited the stay of proceedings to prevent the enforcement of the inspection order, and it is not contended that any attempt was made to enforce that order. The alteration in the minutes made by the lower court was entirely futile. So far as the *certiorari* proceedings were concerned, the record was in no sense different in legal effect after the alteration was made.

The duty of the court is to certify up the record as it is at the time that the writ of review was served. It may not alter or add to the record and certify the altered record as the required record. We do not mean that unimportant changes, such as corrections of spelling, punctuation, and the like, may not be made; but the safer way is to do as directed, and send up the record as it is; otherwise, without reference to any express stay, there may be contempt in not obeying the writ.

For the reasons herein stated, no contempt was committed, and the proceedings in contempt are dismissed.

*Dismissed.*